UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **PAUL PIRO** | * | **CIVIL ACTION NO.  11-2049** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **NEXSTAR BROADCASTING, INC. AND GUARDIAN LIFE INSURANCE CORPORATION OF AMERICA** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions to dismiss filed by the defendants Nexstar Broadcasting, Inc., and Guardian Life Insurance Corp. of America.  Docs. # 14, 22.  The plaintiff, Paul Piro, opposes the motions. Docs. # 16, 33.  For reasons stated below it is recommended that defendant Guardian's motion to dismiss be **GRANTED** and Plaintiff's claim against Guardian be **DISMISSED without prejudice**.  It is further recommended that Plaintiff be given thirty days to amend his complaint, and in the absence of an appropriate amendment, that defendant Nexstar's motion to dismiss be **GRANTED,** and Plaintiff's claim against Nexstar be **DISMISSED without prejudice** in its entirety.  It is further recommended that the defendants' motions for partial summary judgment [Docs. # 21, 23] be **DENIED**, as moot.

## BACKGROUND

Plaintiff Paul J. Piro was employed as a master control operator at a facility of defendant Nexstar Broadcasting, Inc. ("Nexstar"), located in Ouachita Parish, Louisiana, from June 1996 to June 2011.  Doc. # 14-1, p. 1.  On or about December 22, 2010, defendant Guardian Insurance

Corp. Of America ("Guardian") issued Group Insurance Policy Number G-00462149 ("Group Plan") to Nexstar, which provided disability insurance coverage to eligible participants according to the terms of the Group Plan. *See* Doc. # 20. It is undisputed between the parties that the plan was governed by the Employee Retirement Income Security Act of 1974, 20 U.S.C. §1001 *et seq.* ("ERISA"). *See* Docs. # 32, 36.

As a full-time employee of Nexstar, Plaintiff was eligible to participate in the long-term disability plan provided under the Group Plan. The parties are in conflict as to whether Plaintiff actually enrolled in the plan. In any event, Plaintiff never filed a claim for long-term disability benefits. Rather, he contends that when he inquired about receiving benefits, he was told that to do so he would have to be shown to be medically able to return to his job duties. Considering he had only recently been declared totally disabled because of multiple medical issues, there was no further remedy available to him.

On October 25, 2011, Plaintiff filed a petition in the Fourth Judicial District Court for the Parish of Ouachita, naming as defendants Nexstar and Guardian. *See* Petition ("Pet."), Doc. # 1, Att. # 2. The petition essentially claims that defendant Nexstar failed to transmit Plaintiff's premium payments to Guardian, and as a result, both defendants are liable to him for the full amount of benefits he is due under the policy. *See id.* The state court lawsuit was subsequently removed to United States District Court for the Western District of Louisiana, Monroe Division, on November 23, 2011, jointly on behalf of Nexstar and Guardian. The bases for federal jurisdiction were both federal question jurisdiction, arguing that Plaintiff's claims are completely preempted by ERISA, and diversity jurisdiction. *See* Notice of Removal, Doc. # 1.

On December 27, 2011, defendant Nexstar filed a motion to dismiss all claims under Rule 12(b)(6), claiming that 1) Plaintiff has failed to exhaust the required administrative

remedies prior to filing suit; and 2) Nexstar is not a proper party because it is not an employee benefits plan under ERISA. Doc. # 14. On January 27, 2012, defendant Guardian filed its motion to dismiss, also arguing that Plaintiff failed to exhaust administrative remedies. Doc. # 22.

Plaintiff's identical responses to the two motions argue that he was unable to file a claim and exhaust his remedies because he was told he would have to prove he was healthy enough to return to work to receive benefits. *See* Docs. # 16, 33. He also argues that Nexstar shares liability with Guardian because it failed to ensure he was enrolled in the plan and failed to transmit his premiums to Guardian. *See id.* The matter is now before the court.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 233-34). In evaluating a motion to dismiss, courts "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Motions to dismiss under Rule 12(b)(6) are disfavored and are rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to

dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964-65). The court cannot look beyond the face of the pleadings to determine whether a claim is stated. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) ("This court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts . . . .").

I.  **Plaintiff's Claim for Benefits Should be Dismissed Because He Has Failed to Exhaust the Required Administrative Remedies**

As a preliminary matter, there appears to be a dispute between the parties relating to whether Plaintiff was enrolled in the ERISA plan. While not addressed by the parties as such, this is essentially a question of standing, since only a "participant" or a "beneficiary" may bring a civil suit for benefits under ERISA. *See* ERISA § 502(a) (codified at 29 U.S.C. § 1132(a)(1)); *see also, e.g.*, *Caples v. U.S. Foodservice, Inc.*, 444 Fed. App'x 49, 52 (5th Cir. 2011) (finding that ERISA gives plan participants and beneficiaries standing to sue for benefits). A "participant" is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of" an ERISA plan. 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). Since there is no indication that Plaintiff was "designated" by either a participant or the plan, the only relevant definition here is that of a participant.

Here, Plaintiff claims he was enrolled in the plan and premiums were deducted from his

checking account for that purpose.[1]  *See* Pet., ¶ 6.  The defendants claim, however, that he failed to elect long-term disability coverage during open enrollment for employees.  *See* Doc. # 14-1, p. 1; Doc. # 22-1, p. 2.  They further claim that because he eventually opted in for coverage more than thirty-one days after he first became eligible, Guardian required him to submit proof of insurability, which he did not do.[2]  *See* Doc. 14-1, 1-2; Doc. # 22-1, pp. 2-3.  It seems clear that if the defendants could prove Plaintiff was not actually enrolled in the plan, he would not qualify as a "participant" and would lack standing to bring suit.[3]

To the extent Plaintiff lacks standing to bring suit under ERISA, his claim for benefits under the plan should be dismissed for lack of subject matter jurisdiction.  *See*, *e.g.*, *Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006) ("[S]tanding to bring an action founded on ERISA is a 'jurisdictional' matter.") (citing *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845

---

[1] These premiums were eventually refunded to his account.  *See* Pet., ¶ 6.

[2] In support of their claims, the parties have referred to documents contained in the administrative record.  Since these matters are "outside the pleadings" and not appropriately considered in a motion to dismiss under Rule 12(b)(6), the undersigned has not considered them in determining this issue.  *See* Fed. R. Civ. Pro. 12(d); *see also United States ex rel. Patton v. Shaw Services, L.L.C.*, 418 Fed. App'x 366, 368 (5th Cir. 2011).

[3] The question of whether Plaintiff was a participant in the plan is also relevant to the issue of complete preemption.  "[I]f an individual, at some point in time, could have brought his claim under ERISA §§ 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA §§ 502(a)(1)(B)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S. Ct. 2488, 2496 (2004).  Accordingly, to ensure that a suit is subject to complete preemption, and is thus removable on the basis of federal question jurisdiction, a plaintiff's claim must seek relief "within the scope of the civil enforcement provisions of §§ 502(a)." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (*en banc*).  Somewhat paradoxically, then, the defendants here would have to prove Plaintiff's status as a participant or a beneficiary in the ERISA plan in order for the claim to be removable on the basis of federal question jurisdiction.  Nonetheless, the defendant has alleged diversity jurisdiction in addition to federal question jurisdiction, and the plaintiff has failed to dispute this allegation.  Therefore, the undersigned has determined that the court has subject matter jurisdiction on the basis of diversity.

F.2d 1286, 1288-89 (5th Cir. 1988) (analyzing ERISA standing as a question of subject matter jurisdiction)). However, as is explained below, to the extent the plaintiff has standing to bring a claim for benefits, his claim should be dismissed for failure to exhaust the required administrative remedies. Thus, for purposes of the following discussion, the undersigned will assume that Plaintiff was a "participant" in the Plan, having the required standing to bring suit under ERISA.

ERISA requires that employee benefit plans provide administrative remedies for persons whose claims for benefits have been denied. 29 U.S.C.A. § 1133. Moreover, the Fifth Circuit has held that any claim for benefits under a plan governed by ERISA must be preceded by an exhaustion of the administrative remedies.[4] *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 231 (5th Cir. 1997) (citing *Denton v. First Nat'l Bank of Waco, Tex.*, 765 F.2d 1295 (5th Cir. 1985)). "This requirement is not one specifically required by ERISA, but has been uniformly imposed by the courts in keeping with Congress' intent in enacting ERISA." *Hall*, 105 F.3d at 231.

Here, the "General Provisions" section of the Plan in question provides a clear procedure that a prospective claimant must follow to make a claim, including submitting notice of the injury or sickness giving rise to the claim and providing a proof of loss. *See* Doc. # 14-2, at pp. 6-7.[5] The Plan also provides that legal action cannot be commenced until sixty days from the date

---

[4] Despite failing to dispute that the plan was governed by ERISA, Plaintiff argues in his opposition to defendants' summary judgment motions that his claim does not actually arise under ERISA. Doc. # 32, p. 4. He reasons that because Nexstar failed to transmit his premium payments to Guardian, no payments were made into an ERISA plan. *See id.* However, ERISA's civil enforcement provision grants the federal courts "exclusive jurisdiction" in civil actions involving ERISA plans. 29 U.S.C. § 1132(e)(1). Assuming Plaintiff is correct that he was enrolled in, and thus a "participant" in, an ERISA plan, his claim for benefits under that plan is clearly governed by ERISA and subject to its exhaustion requirements.

[5] In contrast to the administrative record, the Plan may be considered a document attached to the defendant's motion to dismiss, because it was referenced in Plaintiff's complaint and is

of proof of loss. *Id.* at 7. In addition, the "Claim Provisions" applicable to Long Term Disability Insurance under the Plan provide a further procedure for filing a long-term disability claim. Specifically, a claimant must provide thirteen pieces of specific information to Guardian. *See id.* at p. 82. If a claim is denied, then the Plan provides a procedure for appealing the denied claim. *See id.* at pp. 95-96.

Therefore, in a situation, as here, where an individual claims entitlement to benefits under the Plan, there is a clear procedure for filing a claim, and if the claim is denied, then an appeal procedure is provided under the Plan. By the terms of Plaintiff's own petition, however, it is apparent that he has not even begun the process of filing a claim. The petition states, for example, that "Petitioner has been informed that payment for total permanent disability . . . *will* be denied . . . ." *See* Pet., ¶ 3 (emphasis added). Indeed, Plaintiff does not appear to dispute the defendants' allegation that he has not filed a claim; Plaintiff's argument, rather, is that filing a claim would have been futile.

The Fifth Circuit has "recognized an exception to the affirmative defense of failure to exhaust administrative remedies when such attempts would be futile." *Bourgeois v. Pension Plan for the Emples. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000) (citing *Hall*, 105 F.3d at 232). In *Bourgeois*, the court found that an employer's statement that the company would no longer consider an employee's claim for benefits was not enough to show futility. *Bourgeois*, 215 F.3d at 479-80 (citing *Communications Workers of America v. AT&T*, 40 F.3d 426, 433 (D.C. Cir. 1994) (requiring the claimant to show a "certainty of an adverse decision" to satisfy the exception)). The court has more recently ruled that "[a] failure to show hostility or bias on

---

central to his claim. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

the part of the administrative review committee is fatal to a claim of futility." *Harris v. Trustmark Nat. Bank*, 287 Fed. App'x 283, 295 (5th Cir. 2008) (quoting *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004).

The only evidence Plaintiff has produced to show futility is an ambiguous statement that he was advised that, in order for him to receive long-term disability benefits from Guardian, he would have to prove he was medically able to return to work. Besides the fact that this argument strains logic, it contradicts a statement made in Plaintiff's petition, that the group plan provided long-term disability payments "if [the] employee was medically deemed to be totally disabled and *unable* to return to work." Pet., ¶ 2 (emphasis added). Even taking Plaintiff's allegation as true, he has simply not provided enough evidence to indicate the actual filing of a claim would have been futile. In addition, he has certainly not set forth facts that might show that the benefits committee or anyone else was hostile or biased towards him, as required by the Fifth Circuit. Thus, his argument for the futility exception must fail.

One final point is worth mentioning here. The Supreme Court has held that—at least with respect to exhaustion under the Prison Litigation Reform Act—because exhaustion is an affirmative defense, plaintiffs "are not required to specially plead or demonstrate exhaustion in their complaints" to avoid 12(b)(6) dismissal. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The Fifth Circuit has since applied *Jones* to ERISA cases. *See Wilson v. Kimberly-Clark Corp.*, 254 Fed. App'x 280, 286-87 (5th Cir. 2007). The Supreme Court noted in *Jones*, however, that a complaint may be dismissed if an affirmative defense, including failure to exhaust, appears on the face of the complaint. *See Jones*, 549 U.S. at 215 (citing several sources); *see also Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (observing that dismissal under Rule 12(b)(6) may be appropriate "when a successful affirmative defense

appears on the face of the pleadings"). That is exactly what has happened here; Plaintiff has established the defense of failure to exhaust on the face of his complaint.

Accordingly, Plaintiff's claim for benefits under the ERISA plan should be dismissed without prejudice for failure to exhaust his administrative remedies. *See Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997) ("A cause of action under ERISA accrues when a request for benefits is denied.").

However, our inquiry does not end here. Plaintiff appears to be attempting to bring an alternative claim under state law against his employer, Nexstar. Plaintiff has alleged that Nexstar represented to him that he was enrolled in the long-term disability plan, drafting his checking account in the amount of premiums for that purpose, but that it failed to transmit those premiums to Guardian. Pet., ¶¶ 2, 6. Plaintiff alleges in a conclusory manner that he relied to his detriment on the representations made by Nexstar. Pet., ¶ 7. Therefore, viewing the complaint in the light most favorable to Plaintiff, he seems to be attempting to raise a state-law detrimental reliance or negligence claim against Nexstar for failing to enroll him properly in the long-term disability plan. At this point, the allegations of the complaint are not sufficient to raise such claims; however, prior to dismissing any potential state law claims, plaintiff should be given an opportunity to amend his complaint. If Plaintiff can amend his complaint to allege a state law cause of action against Nexstar, that portion of the complaint should be stayed until after his ERISA based claims are finalized or exhausted. If he fails to amend to allege a state law cause of action, the entire complaint should be dismissed without prejudice.

## CONCLUSION

For the aforementioned reasons,

**IT IS RECOMMENDED** that the defendant Guardian's motion to dismiss [Doc. # 22] be **GRANTED** and Plaintiff's claim for benefits against Guardian be **DISMISSED without prejudice**.

**IT IS FURTHER RECOMMENDED** that the defendant Nexstar's motion to dismiss [Doc. # 14] be **GRANTED** and Plaintiff's claim against Nexstar be **DISMISSED without prejudice**. **HOWEVER**, **IT IS RECOMMENDED** that Plaintiff be given at least thirty (30) days to amend his complaint to allege a state-law claim against Nexstar. If he does, that portion of his complaint should be stayed until after his ERISA based claims are finalized or exhausted

**IT IS FURTHER RECOMMENDED** that the defendants' motions for partial summary judgment [Docs. # 21, 23] be **DENIED**, as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT**

**JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 9th day of April, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE