UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| PAUL PIRO | CIVIL ACTION NO. 11-2049 |
| VERSUS | JUDGE ROBERT G. JAMES |
| NEXSTAR BROADCASTING, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a wrongful denial of benefits claim brought by Plaintiff Paul J. Piro ("Piro") against Nexstar Broadcasting, Inc. ("Nexstar") and Guardian Life Insurance Corporation of America ("Guardian") (collectively, "Defendants"). On December 27, 2011, Nexstar filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 14]. On January 27, 2012, Guardian also filed a motion to dismiss under Rule 12(b)(6). [Doc. No. 22]. On January 27, 2012, Defendants filed identical motions for partial summary judgment. [Doc. Nos. 21 & 23].

On April 10, 2012, Magistrate Judge Hayes issued her Report and Recommendation [Doc. No. 38] in which she recommended that the Court grant Defendants' motions to dismiss without prejudice, grant leave to Piro to file an amended complaint with a clarified statement of any state law claims against Nexstar, stay any newly alleged state law claims pending resolution of Piro's claims under the Employee Retirement Income Security Act of 1974, 20 U.S.C. §1001, *et seq.* ("ERISA"), and dismiss the motions for partial summary judgment as moot.

On April 24, 2012, Nexstar filed a Response and Objection [Doc. No. 40] to the Report and Recommendation. On the same date, Guardian also filed objections. [Doc. No. 39]. For the following reasons, the Court ADOPTS the findings and conclusions set forth in the Magistrate

Judge's Report and Recommendation.

I.  **FACTUAL & PROCEDURAL BACKGROUND**

Piro was employed as a master control operator at a facility of Nexstar, located in Ouachita Parish, Louisiana, from June 1996 to June 2011. On or about December 22, 2010, Guardian issued a group insurance policy ("Group Plan") to Nexstar, which provided disability insurance coverage to eligible participants according to the terms of the Group Plan. It is undisputed between the parties that the plan was governed by ERISA.

In his Petition [Doc. No. 1-2], Piro alleges that during his employment with Nexstar, Nexstar withheld premium payments from his salary or wages. At some point during this employment, Piro states that he became totally and permanently disabled. Although Guardian granted Piro's claim for temporary disability benefits, Piro alleges that Guardian informed him that he was not eligible for long-term disability benefits. Piro states that he did not submit a formal claim for disability benefits because Guardian requires proof of insurability before claiming long-term disability benefits.[1] Piro alleges that Nexstar and Guardian are legally responsible for ensuring his eligibility for disability benefits,[2] a duty which they failed to satisfy. Although Piro does not specifically state the statutory or common law basis for his claim, Piro

---

[1] As Magistrate Judge Hayes noted in her Report and Recommendation, requiring a claimant to submit proof of insurability at the time the claimant needs to receive long-term disability benefits is illogical. In its Motion to Dismiss [Doc. No. 14], Nexstar states that Piro did not elect long-term disability coverage during the open enrollment period in November 2010. When Piro later sought to enroll in long-term disability coverage, Guardian requested that Piro submit proof of insurability.

[2] Piro's Complaint states, "That the issue between [Piro] and his employer as to whether or not he was entitled to the benefit he seeks, was a matter that should have been determined between Guardian and Nexstar, and since Nexstar, the primary insured of Guardian, failed to contact Guardian in any way, Guardian is responsible along with Nexstar as the carrier who insured the group." [Doc. No. 1-2, p. 3].

2

requests that the Court hold Guardian and Nexstar liable *in solido* for "the full benefits to which he is entitled under the policy as sought." [Doc. No. 1-2, p. 3].

On December 27, 2011, Nexstar filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 14] arguing that Piro has failed to exhaust his administrative remedies and that Nexstar is not a proper party to a suit under ERISA's enforcement provisions. On January 27, 2012, Guardian also filed a motion to dismiss under Rule 12(b)(6) [Doc. No. 22] arguing that Piro has failed to exhaust his administrative remedies.

On January 27, 2012, Defendants filed identical motions for partial summary judgment. [Doc. Nos. 21 & 23]. In these motions, Defendants argue that ERISA preempts any state law claims Plaintiffs may have against Defendants.

On April 10, 2012, Magistrate Judge Hayes issued her Report and Recommendation [Doc. No. 38], in which she recommended that the Court grant Defendants' motions to dismiss without prejudice to allow Piro to exhaust his administrative remedies. The Magistrate Judge also noted that Piro's Complaint did not sufficiently allege any claims under state law. She therefore recommended that the Court grant leave to Piro to file an amended complaint with a clarified statement of any state law claims against Nexstar, such as detrimental reliance. Next, Magistrate Judge Hayes recommended that any state law claims alleged in Piro's amended complaint be stayed pending resolution of his claims under ERISA. Finally, she recommended that the Court dismiss the motions for partial summary judgment as moot.

On April 24, 2012, Nexstar filed a Response and Objection [Doc. No. 40] to the Report and Recommendation. In its Response, Nexstar argues that it should be dismissed from this suit because it is not a proper party to a claim under ERISA and that Piro should not be allowed to

amend his complaint because ERISA will preempt any state law claims. On the same date, Guardian also filed objections. [Doc. No. 39]. Similar to Nexstar, Guardian argues that ERISA preempts any state law claims. On May 10, 2012, Piro filed an amended complaint [Doc. No. 42] that alleges detrimental reliance claims against Nexstar.

## II.    LAW & ANALYSIS

As Defendants correctly emphasize, ERISA's preemption provision will "supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. § 1144. The Supreme Court has repeatedly emphasized that ERISA's preemption provision is a broad provision intended to preempt state laws that have a "connection with or reference to" a plan covered by ERISA. *Shaw v. Delta Airlines*, 463 U.S. 85, 97 (1983). Nonetheless, the Supreme Court has also recognized that some state laws will not be preempted because they "affect employee benefit plans in too tenuous, remote, or peripheral a manner . . . ." *Id*. at 100 n.21. Although they bear some relation to a covered plan, at least some "laws of general applicability" are outside the sphere of ERISA's preemption. *Compare Wilbers v. Moneta Grp. Inv. Advisors, Inc.*, 2006 U.S. Dist. LEXIS 30168 (E.D. Mo. 2006) (finding that claims for breach of fiduciary duty, negligence, and breach of contract against a covered plan's investment advisors were not preempted) *with Goldberg v. Unum Life Ins. Co. of Am.*, 527 F. Supp. 2d. 164 (D.C. Me. 2007) (finding that a breach of contract claim against an affiliate of a covered plan was preempted). In the Fifth Circuit, a state law will be preempted when:

> (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and
>
> (2) the claim directly affects the relationship between the traditional ERISA entities–the employer, the plan and its fiduciaries, and the participants and

beneficiaries.

*Hubbard v. Blue Cross & Blue Shield*, 42 F.3d 942, 945 (5th Cir. 1995) (citations omitted). Even with regard to claims for detrimental reliance, courts have frequently found preemption under ERISA. *See*, *e.g.*, *Lightfoot v. Bellsouth Telecomms., Inc.*, 2004 U.S. Dist. LEXIS 21420 (E.D. La. 2004) (ruling that a plaintiff's detrimental reliance claim against his employer was preempted because the claim effectively tried to recover his denied benefits under a covered plan).

The Court finds that addressing preemption of Piro's state law claims is premature. The motions for partial summary judgment were filed before Piro filed his Amended Complaint. Therefore, neither Piro nor Defendants have been able to address whether Piro's specific state law claims are preempted. Defendants may file motions to dismiss under Rule 12(c)[3] or Rule 56 with regard to the state law claims after the Court lifts the stay on these claims.

Further, Piro shall file a status report with the Court concerning the progress of his administrative claims within seven months of the date of this ruling.

## III. CONCLUSION

Based on the foregoing, the Court ADOPTS the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation. [Doc. No. 38].

Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. Nos. 14 & 22] are GRANTED, and Plaintiff's ERISA claims are DISMISSED WITHOUT PREJUDICE.

Defendants' motions for partial summary judgment [Doc. Nos. 21 & 23] are DENIED AS

---

[3]The Fifth Circuit has noted that unless the "complaint itself establishes the applicability of a federal-preemption defense . . . a defendant should ordinarily raise preemption in a Rule 12(c) motion for judgment on the pleadings or a Rule 56 motion for summary judgment." *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012).

MOOT.

In her Report and Recommendation, Magistrate Judge Hayes recommended that the Court require Piro to file an amended complaint. Piro, however, filed his amended complaint [Doc. No. 42] before the Court issued an order requiring it. Further, Piro filed his amended complaint more than 21 days after Nexstar filed a motion under Rule 12(b). Therefore, Piro could not file an amended complaint without the opposing party's written consent or the court's leave. FED R. CIV. P. 12(a)(1)(B). Nonetheless, the Court agrees with and adopts the Magistrate Judge's Report and Recommendation and hereby grants leave for Piro to file his amended complaint. FED R. CIV. P. 12(a)(2) ("The court should freely give leave when justice so requires.").

Finally, Plaintiff shall file a status report regarding his administrative claims by January 8, 2013.

MONROE, LOUISIANA, this 8th day of June, 2012.

*[signature: Robert G. James]*

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE